IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| REBECCA CLARK, JENNIFER FRASIER and DUSTIN BRADLEY SAVAGE,<br><br>    Plaintiffs,<br><br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No.<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Dolgencorp, LLC ("Defendant" or "Dolgencorp, LLC") hereby removes the above-entitled action from the Circuit Court of Madison County, Arkansas, to the United States District Court for the Western District of Arkansas, Fayetteville Division, on the ground of diversity jurisdiction. In support of its Notice of Removal, and in accordance with 28 U.S.C. § 1446, Defendant states as follows:

**Pleading and procedures**

1.  On or about May 22, 2024, Plaintiffs Rebecca Clark, Jennifer Frasier, and Dustin Bradley Savage commenced the above-captioned action against Dolgencorp, LLC by filing a complaint Circuit Court of Madison County, Arkansas, captioned as *Rebecca Clark, Jennifer Frasier, and Dustin Bradley Savage v. Dolgencorp, LLC d/b/a Dollar General*, Cause No. 44CV-24-69. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of civil actions. *See* 28 U.S.C. § 1441, 1446.

1

2. As required by 28 U.S.C. § 1446(a), all process, pleadings, orders, and other papers on file in the state court at the time of this removal are attached as **Exhibits A** through **B**.

3. Dolgencorp, LLC was served with the Plaintiffs' Complaint and Summons on June 3, 2024.

### The removal is timely

4. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days of June 3, 2024, the date on which Dolgencorp, LLC was first served with a copy of the Complaint. This action has not previously been removed to federal court.

### Diversity Jurisdiction exists over Plaintiffs' claims

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant because: (1) there is complete diversity of citizenship between Plaintiff and Dolgencorp, LLC; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

### Citizenship of the Parties

6. Plaintiffs are residents of the State of Arkansas for diversity purposes because Plaintiffs allege in their complaint that they are residents of Madison County, Arkansas, or McDonald County, Missouri. **Exhibit A** at ¶ 1.

7. Defendant Dolgencorp, LLC is a limited liability company organized under the laws of the Commonwealth of Kentucky with its principal place of business in Goodlettsville, Tennessee. **Exhibit C**, Unbehagen Decl. ¶¶ 4-9; Kentucky Secretary of State, *DOLGENCORP, LLC*, https://web.sos.ky.gov/bussearchnprofile/Profile.aspx/?ctr=647969. Goodlettsville is and has been where Dolgencorp's officers and directors engage in "direction, control, and coordination of the company's activities." Exhibit C at ¶ 4.

2

8. Goodlettsville is and also has been "the place where the majority of [Dolgencorp, LLC's] books and records are located and where the majority of its administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems) are and have been performed." *Id.*

9. Dolgencorp, LLC's sole member is Dollar General Corporation. *See* **Exhibit C**, Unbehagen Decl. at ¶ 7. Dollar General Corporation is, and was at the time the Complaint was filed, a corporation incorporated under the laws of the State of Tennessee with its principal place of business in the State of Tennessee. *Id.* at ¶¶ 3, 4; Kentucky Secretary of State, *DOLGENCORP, LLC*, https://web.sos.ky.gov/bussearchnprofile/Profile.aspx/?ctr=647969. Accordingly, both Dolgencorp, LLC and Dollar General Corporation are citizens of the State of Tennessee. *Id.* ¶¶ 4-9.

10. Thus, Dolgencorp, LLC is not a citizen of Arkansas but is a citizen of Kentucky and Tennessee for purposes of diversity jurisdiction. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("[a]n LLC's citizenship is that of its members . . ."); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (for purposes of removal, the "principal place of business" is determined by the "nerve center" test whereby an entity is deemed to be a citizen of the State where its officers direct, control and coordinate activities).

## Amount in Controversy

11. An action may be removed if the Defendant establishes, by a preponderance of the evidence, that the aggregate amount-in controversy exceeds the jurisdictional amount. *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011).

12. Here, Plaintiff expressly requests damages in an "amount in excess of that required for federal court jurisdiction in diversity of citizenship cases." **Exhibit A** at ¶ 32.

3

13. Accordingly, and by Plaintiffs' own admission, the amount in controversy in the matter plausibly exceeds $75,000.

**<u>Other prerequisites have been satisfied</u>**

14. Venue lies in the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C. §§ 1441, 1446(a), and 83(b)(5). This action was originally brought in the Circuit Court of Madison County, Arkansas. *See* **Exhibit A**, Complaint. Therefore, this is the appropriate Court for removal.

15. As required by 28 U.S.C. § 1446(d), Defendant will provide notice of this removal to Plaintiffs through their attorney of record.

16. As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Circuit Court of Madison County, Arkansas.

17. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief in support of its position that this case is removable.

WHEREFORE, Defendant respectfully removes the State Court Action from the Circuit Court of Madison County, Arkansas be removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  June 27, 2024                                   Respectfully submitted,

/s/*Dylan J. Botteicher*_____
Dylan J. Botteicher (ABN 2017170)
COX, STERLING, VANDER & BOTTEICHER, PLLC
8201 Cantrell Rd., Suite 330
Little Rock, AR 72227
(501) 954-8073
Email: djbotteicher@csmfirm.com

Cory R. Ford
*(Pending admission Pro Hac Vice)*
Texas Bar No. 24121098
McGuireWoods LLP
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 932-6400
Facsimile:  (214) 932-6499

**ATTORNEYS FOR DEFENDANT DOLGENCORP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, a copy of the foregoing was served via U.S. Mail as follows:

Ethan C. Nobles
Nobles Law Firm, PLLC
210 W. Sevier St.
Benton, AR 72015
Ethan@NoblesLawFirm.com

/s/*Dylan J. Botteicher*_____

5