FILED FOR RECORD
at 10:22 o'clock A M.

MAY 22 2024

TIFFANY McDANIEL
CLERK AND RECORDER
MADISON COUNTY, ARKANSAS

# IN THE CIRCUIT COURT OF MADISON COUNTY, ARKANSAS
## Civil Division

REBECCA CLARK, )
JENNIFER FRASIER and )
DUSTIN BRADLEY SAVAGE, )
Plaintiffs )
 )
vs. )
 )
DOLGENCORP, LLC )
d/b/a DOLLAR GENERAL, )
Defendant ) Case No. 44CV-24-69

## COMPLAINT

**COMES NOW** Plaintiffs Rebecca Clark, Jennifer Frasier and Dustin Bradley Savage by and through their attorney, Nobles Law Firm, PLLC, and for their Complaint against Defendant Dolgencorp, LLC d/b/a Dollar General state that:

### I. Parties, Jurisdiction and Venue

1. Plaintiffs Clark and Frasier are residents of Madison County, Ark. Plaintiff Savage is a resident of McDonald County, Mo.

2. Defendant Dolgencorp, LLC is a foreign limited liability company registered with the state of Arkansas, in good standing and doing business in Arkansas as Dollar General (*please see attached Exhibit "A"*).

3. Defendant Dolgencorp, LLC operates Dollar General branded stores throughout Arkansas including the one at 561 N. Parrot Dr. in Huntsville, Madison County, Ark. where the events complained of herein took place.

Page **1** of **7**

Exhibit A

4. Plaintiffs were all employed at the aforementioned Dollar General store in Huntsville, Ark. where the events complained of herein took place.

5. Adam Christmas was employed as a manager and supervised all Plaintiffs at the aforementioned Dollar General store in Huntsville, Ark. at all times relevant to the incidents complained of herein.

6. This Court has jurisdiction over the parties and subject matter to this action.

7. Venue properly lies before this Court.

## II. Facts

8. All three Plaintiffs were exposed to frequent, frank, unwanted and sexually harassing statements by Adam Christmas regarding his sex life.

9. Moreover, Adam Christmas exhibited extremely poor personal hygiene and his noxious odor made the Plaintiffs' workplace unbearable.

10. Plaintiffs Clark and Savage lodged regular complaints with Defendant Dolgencorp, LLC, but such complaints were ignored and the intolerable work situation created by Adam Christmas' unwanted discussions of his sex life and noxious odors continued.

11. As a result of the intolerable work conditions created by Adam Christmas and the refusal of Defendant Dolengencorp, LLC to take steps to correct those conditions, two Plaintiffs left their jobs with Defendant Dolgencorp, LLC – Plaintiff Clark in Sept. 2021 and Plaintiff Frasier in Nov. 2021.

12. All causes of action herein are brought within the appropriate three-year statute of limitations set forth in Ark. Code Ann. § 16-56-105.

13. This action is ineligible for arbitration as per 9 U.S.C. § 402(a) as it involves allegations of sexual harassment, sexual assault and sexual battery and Plaintiffs elect to pursue this matter under the laws of the state of Arkansas.

### III. Cause of Action – Negligent Supervision of Employee

14. In order to establish a negligent supervision of employee tort, a plaintiff must show that: (1) there is a duty of reasonable care in supervision of employees; (2) the act at issue committed by the employee was foreseeable; and (3) the employer new or should have known the employee represented a risk of danger to others. *Regions Bank & Trust v. Stone County Skilled Nursing Facility, Inc.* 345 Ark. 555, 49 S.W.3d 107 (2001).

15. In the case at issue, the elements of negligent supervision of employee are satisfied as the Defendant:

   a) Had a duty to supervise Adam Christmas so as to prevent him from sexually harassing the Plaintiffs and creating a hostile and intolerable workplace;

   b) Breached that duty by ignoring complaints of the Plaintiffs and refusing to correct Adam Christmas' behavior;

   c) Could foresee Adam Christmas' continuing to sexually harass Plaintiffs and creating a hostile and intolerable workplace due to the complaints of the Plaintiffs; and

   d) Knew from the ignored complaints of the Plaintiffs that Adam Christmas sexually harassed and created an intolerable workplace, thus harming the Plaintiffs.

16. The two aforementioned Plaintiffs have suffered actual damages due to the negligent supervision of Adam Christmas by the Defendant in that they left their jobs and income rather than endure an intolerable workplace.

17. As the Defendant knew of Adam Christmas' conduct, the Plaintiffs are entitled to punitive damages as per Ark. Code. Ann. § 16-55-206.

### IV. Cause of Action – Tortious Interference

18. In order to establish a tortious interference claim, a Plaintiff must show (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Baptist Health v. Murphy*, 2010 Ark. 358, 15, 373 S.W.3d 269, 281 (2010).

19. Those elements are satisfied in this matter as:

    a) Defendant had a valid contractual relationship with its employees;

    b) Defendant unquestionably knew of that relationship with its employees;

    c) Defendant, by ignoring complaints against Adam Christmas, induced and/or caused the termination of the Plaintiff's relationship with it; and

    d) Plaintiffs, due to the action or inaction of the Defendant, lost their jobs.

20. The two aforementioned Plaintiffs have suffered actual damages due to the Defendant's actions as they lost their jobs and expected income.

21. As the Defendant knew of Adam Christmas' conduct, the Plaintiffs are entitled to punitive damages as per Ark. Code. Ann. § 16-55-206.

## V. Cause of Action – Negligent Retention

22. A negligent retention claim comes about when an employer retains an employee but either knew, or through the exercise of ordinary care should have known, that the employee's conduct would subject others to an unreasonable risk of harm. *Coombs v. J.B. Hunt Transp., Inc.*, 2012 Ark. App. 24, 11, 388 S.W.3d 456, 464 (2012).

23. In spite of the Plaintiffs' multiple complaints against Adam Christmas, the Defendant knew they Plaintiffs were at risk of harm – specifically, being targets of sexual harassment and enduring a hostile, intolerable workplace – yet it retained Adam Christmas and, in fact, left him as manager of the workplace at issue.

24. The Plaintiffs have suffered actual damages due to the negligent retention of Adam Christmas by the Defendant in that the aforementioned two Plaintiffs quit their jobs rather than be exposed to sexual harassment and working in an intolerable, hostile environment.

25. As the Defendant knew of Adam Christmas' conduct yet retained him as manager of the workplace at issue, the Plaintiffs are entitled to punitive damages as per Ark. Code. Ann. § 16-55-206.

## VI. Cause of Action – Assault and Battery

26. In order to establish an assault and battery claim, a plaintiff must show a party acted with the intent to cause some harmful or offensive contact or acted with the intent to create the apprehension of some harmful or offensive contact and that this contact resulted in and caused damages. *Mullins v. Helgren*, 2022 Ark. App. 3, 12, 638 S.W.3d 864, 872 (2022)

27. Those elements are in place in this matter as:

a) Adam Christmas threatened to touch Plaintiff Rebecca Clark upon many occasions in a sexually suggestive manner;

b) Such threats caused Plaintiff Rebecca Clark to fear such contact;

c) Adam Christmas did make contact with Rebecca Clark in a sexually suggestive manner on at least one occasion;

d) Plaintiff Rebecca Clark, in response to the persistent threats of contact and from actual contact from Adam Christmas, lost her employment due to her fear of not being safe in the workplace maintained by the Defendant.

e) Adam Christmas attempted to hug Plaintiffs Clark, Frasier and Savage on numerous occasions, causing them to dodge the unwanted contact with him.

f) Plaintiff Frasier, in response to the persistent threats of contact and from actual contact from Adam Christmas, lost her employment due to her fear of not being safe in the workplace maintained by the Defendant.

28. Battery is an intentional tort. *Martin v. Hallum*, 2010 Ark. App. 193, 13, 374 S.W.3d 152, 160 (2010).

29. It is well established in Arkansas that an employer can be held liable for intentional torts committed by its agent while acting within the scope of the agent's employment. *Cooper Clinic, P.A. v. Barnes*, 366 Ark. 533, 541, 237 S.W.3d 87, 92 (2006).

30. As the incidents of assault and battery referenced herein took place by Adam Christmas while he was acting as the manager of the relevant place of business, it is clear that Adam Christmas was the Defendant's agent during all relevant times.

31. As the Defendant knew of Adam Christmas' conduct yet retained him as manager of the workplace at issue, the Plaintiffs are entitled to punitive damages as per Ark. Code. Ann. § 16-55-206.

### VII. Demand for Relief and Jury Trial

32. The amount of damages prayed for in this action exceed the amount in excess of that required for federal court jurisdiction in diversity of citizenship cases.

33. The Plaintiffs demand a jury trial in this matter.

WHEREFORE, Plaintiffs pray that this Court finds the Defendant has committed torts against them claimed herein; for court costs; for attorney's fees; and for all other relief to which they are or may find themselves entitled.

Respectfully submitted,
Rebecca Clark, Jennifer Frasier and
Dustin Bradley Savage

By: _____
Ethan C. Nobles                              #95048
Nobles Law Firm, PLLC
210 W. Sevier St.
Benton, AR 72015
Tel:   (501)794-9742
Fax:  (501)641-7057
Ethan@NoblesLawFirm.com

**Details**

For service of process contact the Secretary of State's office.

LLC Member information is now confidential per Act 865 of 2007

For access to our corporations bulk data download service click here.



Corporation Name
DOLGENCORP, LLC

Fictitious Names
DOLLAR GENERAL
POPSHELF

Filing #
800144043

Filing Type
Foreign Limited Liability Company

Filed Under Act
Foreign LLC; 1003 of 1993

Status
Good Standing

Principal Address
C/O CSC, 300 SPRING BUILDING, STE. 900 LITTLE ROCK, AR 72201

Reg. Agent
CORPORATION SERVICE COMPANY

Agent Address
300 SPRING BUILDING, SUITE 900 300 S. SPRING ST. LITTLE ROCK, AR 72201

Date Filed
10/22/2008

Officers
DAVID TEHLE, Incorporator/Organizer
ZACHARY J. BRINING, Manager
EMILY C. TAYLOR, Manager

Foreign Name
—

Foreign Address
—

State of Origin
KY
Purchase a Certificate of Good Standing for this Entity
Pay Franchise Tax for this corporation

ELECTRONICALLY FILED
MADISON COUNTY CIRCUIT COURT
Tiffany McDaniel, Circuit Clerk
2024-Jun-03  09:42:23
44CV-24-69
C04D05 : 9 Pages

# IN THE CIRCUIT COURT OF MADISON COUNTY, ARKANSAS
## Civil Division

REBECCA CLARK, )
JENNIFER FRASIER and )
DUSTIN BRADLEY SAVAGE, )
Plaintiffs )
)
vs. )
)
DOLGENCORP, LLC )
d/b/a DOLLAR GENERAL, )
Defendant )   Case No. 44CV-24-69

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL

STATE OF ARKANSAS )
)ss.
COUNTY OF SALINE )

COMES NOW the Affiant, Ethan C. Nobles, having been duly sworn, and states on his oath that:

1. I am the attorney of record for the Plaintiffs and a duly licensed attorney in the state of Arkansas.

2. The agent for service of process for Defendant is Corporation Service Company (*please see attached Exhibit "A"*).

3. On May 23, I delivered a summons, complaint, first set of interrogatories and requests for admissions to the Defendant by certified mail to Corporation Service

Company. Said certified letter was sent with a cover letter summing up the aforementioned contents (*please see attached Exhibit "B"*).

4. Said certified letter was successfully served upon Corporation Service Company (*please see attached Exhibit "C"*).

5. Although no deliver date is affixed to the Domestic Return Receipt attached hereto as Exhibit "C," United States Postal Service tracking established the certified letter at issue was served upon Corporation Service Company on May 28, 2024 (*please see attached Exhibit "D"*).

*Further affiant sayeth naught.*

_____
Ethan C. Nobles

Subscribed and sworn to before me on this 3rd day of June, 2024.

My commission expires: _____
Notary Public

MARCI KAY NOBLES
MY COMMISSION # 12696649
EXPIRES: February 3, 2026
Saline County

Page **2** of **2**

Exhibit B

**EXHIBIT "A"**

Document
about:srcdoc

Details

For service of process contact the Secretary of State's office.

LLC Member information is now confidential per Act 865 of 2007

For access to our corporations bulk data download service click here.

Corporation Name
DOLGENCORP, LLC

Fictitious Names
DOLLAR GENERAL
POPSHELF

Filing #
800144043

Filing Type
Foreign Limited Liability Company

Filed Under Act
Foreign LLC; 1003 of 1993

Status
Good Standing

Principal Address
C/O CSC, 300 SPRING BUILDING, STE. 900 LITTLE ROCK, AR 72201

Reg. Agent
CORPORATION SERVICE COMPANY

Agent Address
300 SPRING BUILDING, SUITE 900 300 S. SPRING ST. LITTLE ROCK, AR 72201

Date Filed
10/22/2008

Officers
DAVID TEHLE, Incorporator/Organizer
ZACHARY J. BRINING, Manager
EMILY C. TAYLOR, Manager

Exhibit B

Foreign Name
—

Foreign Address
—

State of Origin
KY

[Purchase a Certificate of Good Standing for this Entity](#)
[Pay Franchise Tax for this corporation](#)

Exhibit B

**EXHIBIT B**

ELECTRONICALLY FILED
MADISON COUNTY CIRCUIT COURT
Tiffany McDaniel, Circuit Clerk
2024-May-23 11:22:31
44CV-24-69
C04D05 : 1 Page

# Nobles Law Firm

Ethan C. Nobles
210 W. Sevier St.
Benton, AR 72015
Phone: (501)794-9742
Fax:    (501)641-7057
Ethan@NoblesLawFirm.com

---

May 23, 2024

Dolgencorp, LLC
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring St.
Little Rock, AR 72201
*Via certified mail no. 7019 0700 0001 4494 9227*

RE:   *Madison County Circuit No. 44CV-24-69,*
      *Rebecca Clark et al. v. Dolgencorp, LLC*

Please find the enclosed summons, complaint, first set of interrogatories and requests for admissions.

Should you have any questions, please let me know.

Warmest regards,

**COPY**

Ethan C. Nobles

Exhibit B

# EXHIBIT
"C"





Exhibit B

ALERT: SEVERE WEATHER IN THE SOUTH, SOUTHEAST, CENTRAL, NORTHERN MID-ATLA...

# USPS Tracking®

FAQs >


EXHIBIT "D"

**Tracking Number:**

Remove ✕

# 70190700000144949227

Copy     Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 8:05 am on May 28, 2024 in LITTLE ROCK, AR 72202.

**Get More Out of USPS Tracking:**
    USPS Tracking Plus®

## Delivered

**Delivered, Individual Picked Up at Postal Facility**
LITTLE ROCK, AR 72202
May 28, 2024, 8:05 am

See All Tracking History

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

Text & Email Updates    ⌄

USPS Tracking Plus®    ⌄

Product Information    ⌄

See Less ⌃

Feedback

Track Another Package

Exhibit B

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

Feedback

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| REBECCA CLARK, JENNIFER FRASIER and HUNTER JONES, <br><br> Plaintiffs, <br><br> v. <br><br> DOLGENCORP, LLC d/b/a DOLLAR GENERAL, <br><br> Defendant. | § § § § § § § § § § § § § Civil Action No. |

### DECLARATION OF KARLA UNBEHAGEN IN SUPPORT OF DOLGENCORP, LLC'S NOTICE OF REMOVAL

I, Karla Unbehagen, hereby declare as follows:

1. I am employed by Dollar General Corporation as Senior Director, Human Resources. I am authorized to make this declaration on behalf of Dolgencorp, LLC. I have personal knowledge of the facts set forth in this declaration or know them in my capacity as a representative of Dollar General Corporation. If called as a witness, I could and would competently testify thereto. I am over 18 years of age.

2. I am familiar with the organization of Dollar General Corporation and its subsidiaries and related entities, including Dolgencorp, LLC. Because of my experience, I understand the legal importance of the corporate documents I mention in this declaration.

3. I have access to Dolgencorp, LLC's employee and payroll records as well as other related corporate and business records. These documents establish that Dollar General Corporation is, and was at the time that this action commenced on May 30, 2023, incorporated in the state of Tennessee.

4. Dollar General Corporation has, and at all relevant times had, its headquarters and



EXHIBIT C

Scanned with CamScanner

principal place of business in Goodlettsville, Tennessee. The Tennessee headquarters is and has been the place where the majority of Dollar General Corporation's books and records are located and where the majority of its executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems) are and have been performed. The Tennessee headquarters is and has been the place where Dollar General Corporation's officers and directors engage in the direction, control, and coordination of the company's activities.

5. I have access to and have reviewed documents that evidence the corporate structure and business activities of Dolgencorp, LLC. These documents establish that Dolgencorp, LLC is, and was at the time that this action commenced on May 30, 2023, incorporated in the Commonwealth of Kentucky.

6. Dolgencorp, LLC has, and at all relevant times had, its headquarters and principal place of business is in Goodlettsville, Tennessee. The Tennessee headquarters is and has been the place where the majority of Dolgencorp, LLC's books and records are located and where the majority of its executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems) are and have been performed. The Tennessee headquarters is and has been the place where Dolgencorp, LLC's officers and directors engage in the direction, control, and coordination of the company's activities.

7. Because of my position, and in the normal course and scope of my duties, I have access to and have reviewed documents that evidence the corporate structure and business activities of Dolgencorp, LLC. These documents establish that Dolgencorp, LLC is, and was at the time that this action commenced on May 30, 2023, a limited liability company organized under

Scanned with CamScanner

the laws of Kentucky. Dolgencorp, LLC has a single member, which is Dollar General Corporation.

8. Dolgencorp, LLC has never been incorporated in Arkansas and has never had its headquarters, executive offices, or officers based in Arkansas. It has never maintained a principal place of business in Arkansas.

9. Dollar General Corporation has never been incorporated in Arkansas and has never had its headquarters, executive offices, or officers based in Arkansas. It has never maintained a principal place of business in Arkansas.

I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 3, 2023.

/Karla Unbehagen

Scanned with CamScanner